# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHIRLEY F. SANTILLANA,**

             **Plaintiff,**

-vs-                                     **Case No. 6:09-cv-2095-Orl-19KRS**

**FLORIDA STATE COURT SYSTEM,
EIGHTEENTH JUDICIAL CIRCUIT
SEMINOLE COUNTY COURTS;
CLAYTON SIMMONS; SUE BLOCK; and
WAYNE FOUNTAIN,**

             **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Verified Motion for Relief from Order by Plaintiff Shirley F. Santillana (Doc. No. 12, filed Feb. 19, 2010); and

2. Response in Opposition to Plaintiff's Verified Motion for Relief from Order by Defendants Florida State Court System, Eighteenth Judicial Circuit Seminole County Courts, Clayton Simmons, Sue Block, and Wayne Fountain (Doc. No. 18, filed Apr. 1, 2010).

## Background

Plaintiff Shirley F. Santillana filed this suit in the Circuit Court of the Eighteenth Judicial District, in and for Seminole County, Florida, on November 9, 2009, and the case was removed to this Court on December 10, 2009. (Doc. No. 1, filed Dec. 10, 2009.) On January 14, 2010, the Court granted the Defendants' Motion to Dismiss, dismissing Counts I and II of the Complaint with

prejudice and dismissing Counts III - VI without prejudice ("January 14 Order"). (Doc. No. 11 at 28, filed Jan. 15, 2010.) The Court gave Plaintiff leave to file an amended complaint within fourteen days from the date of the Order. (*Id.*) Plaintiff did not timely file an amended complaint.

On February 19, 2010, Plaintiff moved for relief from the January 14 Order ("Motion"). (Doc. No. 12.) On March 2, 2010, the Court denied the Motion without prejudice for failure to comply with Local Rule 3.01(g). (Doc. No. 14.) On March 8, 2010, Plaintiff filed a Certification of Counsel Pursuant to Local Rule 3.01(g). (Doc. No. 16.) On March 18, 2010, the Court entered an order construing Plaintiff's Rule 3.01(g) Certification to reassert the Motion. (Doc. No. 17.) Defendants timely filed a response in opposition to the Motion. (Doc. No. 18.)

**Standard of Review**

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party has failed to act because of excusable neglect." The United States Supreme Court has observed that "[a]lthough inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Whether neglect is excusable is a decision made within the Court's discretion after considering: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395; *Advanced Estimating Sys., Inc. v. Riney* (*Riney II*), 130 F.3d 996,

997-98 (11th Cir. 1997); *Advanced Estimating Sys., Inc. v. Riney* (*Riney I*), 77 F.3d 1322, 1325 (11th Cir. 1996). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Riney I*, 77 F.3d at 1325 (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). An attorney's error of law is not a sufficient basis to excuse failure to comply with a deadline, but an error of fact may be excusable. *Riney II*, 130 F.3d at 998-99.

**Argument**

Plaintiff's counsel acknowledges that in December of 2009, he received a Notice of Removal to this Court and a telephone message from Defendants' counsel stating that Defendants would be filing a Motion to Dismiss. (Doc. No. 12 at 1-2.) Plaintiff's counsel admits that he "wrongfully assumed that some acknowledgment of record activity would be provided by U.S. Mail," including notice that this Court had accepted jurisdiction from the Notice of Removal. (*Id.* at 2.) Plaintiff's counsel further asserts that he failed to maintain an active e-mail address with this Court's electronic filing system ("CM/ECF"), and as a result, he did not learn about the January 14 Order until February 17, 2010, "when a local judge mentioned that 'your' case didn't go well." (*Id.* at 1-2.) Defendants argue that Plaintiff should not be allowed to file an amended complaint beyond the deadline imposed by the January 14 Order because her counsel's actions do not constitute excusable neglect. (Doc. No. 18.)

Pursuant to the January 14 Order, Plaintiff was granted leave to file an amended complaint within fourteen days from the date of the Order. (Doc. No. 11 at 28.) Because Plaintiff moved for relief from the January 14 Order on February 19, 2010, after the fourteen-day deadline, Plaintiff must show excusable neglect for her failure to timely file an amended complaint. Fed. R. Civ. P.

6(b)(1)(B). As discussed above, whether neglect is excusable is a decision made within the Court's discretion after considering: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Court will consider each of these factors in turn.

Defendants do not argue, and there is no evidence in the record, that they would be prejudiced by Plaintiff amending her Complaint at this stage of the proceedings. As to the second factor, the delay caused by Plaintiff's failure to timely file an amended complaint would have a minimal impact on this proceeding. Plaintiff moved for relief twenty-two days after the court-imposed deadline to file an amended complaint and two days after Plaintiff's counsel allegedly learned that the initial Complaint had been dismissed. (Doc. No. 11 at 28; Doc. No. 12 at 1.) Turning to the third factor, the reason for the delay, Plaintiff's counsel admits that he could have prevented the delay by maintaining a valid email address on CM/ECF. (Doc. No. 12 at 1-2.) The delay was also caused by Plaintiff's counsel incorrectly assuming that he would receive notice by mail when this Court accepted jurisdiction of this case. (*Id.* at 2.) Although it is clear that Plaintiff's counsel was neglectful, Defendants do not argue, and there is no evidence in the record, that Plaintiff acted in bad faith by failing to timely file an amended complaint.

Having considered the four *Pioneer* factors and having accorded "[p]rimary importance" to the first two factors, *Riney I*, 77 F.3d at 1325, Plaintiff's failure to timely file an Amended Complaint constitutes excusable neglect.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Verified Motion for Relief from Order by Plaintiff Shirley F. Santillana (Doc. No. 12) is **GRANTED**. Plaintiff shall file an Amended Complaint that comports with the January 14 Order (Doc. No. 11) within fourteen (14) days from the date of this Order. Failure to comply with this Order may result in the dismissal of the case without prejudice and without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 16, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record