UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEY F. SANTILLANA,

                    Plaintiff,

-vs-                                                    Case No.  6:09-cv-2095-Orl-19KRS

FLORIDA STATE COURT SYSTEM,
EIGHTEENTH JUDICIAL CIRCUIT
SEMINOLE COUNTY COURTS; CLAYTON
SIMMONS; SUE BLOCK; AND WAYNE
FOUNTAIN,

                    Defendants.
_____/

## ORDER

This case comes before the Court on the following:

1.     Motion to Recognize Conflict of Interest for Disqualification and to Require
       Separate Counsel by Plaintiff Shirley F. Santillana (Doc. No. 45, filed Oct. 11,
       2010); and

2.     Response to Plaintiff's Motion to Recognize Conflict of Interest for Disqualification
       and to Require Separate Counsel by Defendants Clayton Simmons, Sue Block, and
       Wayne Fountain (Doc. No. 49, filed Oct. 25, 2010).

### Background

This case arises out of the allegedly unlawful termination of Plaintiff Shirley F. Santillana
from her position as a Senior Court Specialist / Senior Mediation Coordinator for the Florida State
Court System, Eighteenth Judicial Circuit Court, in and for Seminole County, Florida ("Seminole
County Circuit Court").  (Doc. No. 20 ¶¶ 2, 10, filed Apr. 29, 2010.)  Santillana filed an Amended

Complaint against Defendants Seminole County Circuit Court, Clayton Simmons, Sue Block, and Wayne Fountain.  (Doc. No. 20 at 1.)  On June 4, 2010, the Court entered an Order dismissing all claims against Defendant Seminole County Circuit Court for failure to state a claim upon which relief can be granted.  (Doc. No. 23.)  Santillana has not re-pled any claims against the Seminole County Circuit Court, and the time for doing so has passed.  (*Id.*)  As a result, the only claims remaining in this case are asserted against Defendants Simmons, Fountain, and Block (collectively, "Defendants").  (*Id.*)

Santillana now moves to disqualify the Florida Office of the Attorney General ("OAG") from representing Defendants due to an alleged conflict of interest between the Seminole County Circuit Court and Defendants.  (Doc. No. 45.)  Defendants have filed a response in opposition.  (Doc. No. 49.)

## Standard of Review

"A district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980) (citations omitted).[1]  "A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *Id.* (citation omitted); *see also Davis v. S. Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 673 (S.D. Fla. 1993) ("[W]here the rights of a particular party may be compromised by representation in which opposing counsel is engaged, then that party has standing to bring a motion to disqualify . . . .").

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

-2-

Motions to disqualify are governed by two sources of authority: (1) the local rules of the court in which counsel appears; and (2) federal common law. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (citations omitted). The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id.* A disqualification order "is a harsh sanction, often working substantial hardship on the client" and therefore should "be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). However, where there is an "imminent threat of a serious conflict," disqualification may be appropriate even before any proceedings begin. *Dunton v. Suffolk Cnty.*, 729 F.2d 903, 907 (2d Cir. 1984) (citations omitted).

## Analysis

Santillana requests that the Court disqualify the OAG from representing Defendants in this case due to a conflict of unspecified divergent interests between the Seminole County Circuit Court and Defendants. (Doc. No. 45 at 1-2.) Because Santillana does not show that the OAG's representation of Defendants presently violates an applicable rule of professional conduct or federal common law, the Court will not disqualify the OAG from representing Defendants at this time.

## I. Applicable Rules of Professional Conduct

In support of her Motion to Disqualify, Santillana cites Florida Rule of Professional Conduct 4-3.7,[2] which limits when counsel and other members of counsel's law firm may testify as a witness.

_____

[2] "The professional conduct of all members of the bar of this Court . . . shall be governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted (continued...)

As noted by Defendants, the proceedings in the case to date have not implicated this rule. (Doc. No. 49 at 3.) Further, there is no evidence of record suggesting that any attorneys employed by the OAG will be called to testify in this case. Therefore, the OAG is not disqualified at this time under Florida Rule of Professional Conduct 4-3.7.

Although not cited by Santillana in her Motion to recognize a conflict of interest and to disqualify the OAG, it is appropriate to consider Florida Rules of Professional Conduct 4-1.7 and 1.9, which address when conflicts of interest exist and when such conflicts require disqualification. *See Musicus*, 621 F.2d at 744 (noting that the Court "is obligated to take measures against unethical conduct occurring in connection with any proceeding before it"). Those rules state as follows:

**Rule 4-1.7 Conflict of Interest; Current Clients**

(a) Representing Adverse Interests. Except as provided in subdivision (b), a lawyer shall not represent a client if:
(1) the representation of 1 client will be directly adverse to another client; or
(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

**Rule 4-1.9 Conflict of Interest; Former Client**

---

(...continued)
by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar." Local Rule 2.04(d).

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

(b) use information relating to the presentation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known; or

(c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

The OAG has represented both the Seminole County Circuit Court and Defendants in this matter.  (*See* Doc. No. 13, filed Feb. 22, 2010.)  All claims against the Seminole County Circuit Court were dismissed without prejudice for failure to state a claim.  (Doc. No. 23.)  Santillana has not reasserted any claims against the Seminole County Circuit Court, and the time for doing so has passed.  Regardless of whether the Seminole County Circuit Court is a "current client" under Rule 4-1.7 or a "former client" under Rule 4-1.9, the OAG's representation of Defendants in this matter has not been shown to present currently a conflict of interest requiring disqualification.

Presuming that the Seminole County Circuit Court is a "current client" under Rule 1.7, a conflict of interest exists if (1) the representation of Defendants "will be directly adverse" to the Seminole County Circuit Court; or (2) there is a substantial risk that the representation of Defendants will be materially limited by the lawyer's responsibilities to the Seminole County Circuit Court.  At present, the OAG's representation of Defendants does not implicate either of these provisions.  Because all claims against the Seminole County Circuit Court in this case have been dismissed, (Doc. No. 23), the OAG's representation of Defendants in this case is not directly adverse to the Seminole County Circuit Court.  In addition, there is no evidence of record showing that the OAG's representation of Defendants will be materially limited by duties owed to the Seminole

County Circuit Court.  Therefore, a conflict of interest under Florida Rule of Professional Conduct 4-1.7 is not currently presented by the OAG's representation of Defendants in this case.

The Court reaches the same result if the Seminole County Circuit Court is a "former client" under Florida Rule of Professional Conduct 4-1.9.  Under that rule, a conflict of interest exists if the interests of the Seminole County Circuit Court and Defendants are "materially adverse."  Fla. R. Prof'l Conduct 4-1.9(a).  Because all claims in this case against the Seminole County Circuit Court have been dismissed for failure to state a claim upon which relief can be granted, (Doc. No. 23), there are no positions or arguments for the OAG to take benefitting the interests of Defendants at the expense of the interests of the Seminole County Circuit Court.  Accordingly, there is no conflict of interest under the Florida Rules of Professional conduct presently limiting the OAG's representation of Defendants in this case.

## II.  Federal Common Law

Santillana cites several cases addressing whether a conflict of interest resulted from joint representation of a governmental entity and its employees in civil rights litigation, but all of those cases are inapposite to the present case.  In *Dunton v. Suffolk Cnty.*, 729 F.2d 903 (2d Cir. 1984), the Second Circuit Court of Appeals found an "imminent threat of a serious conflict" between a municipality and its employees where claims under 42 U.S.C. § 1983 were brought against both the employee individually and the municipality for the employee's actions taken pursuant to an official policy under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  *Dunton*, 729 F.2d at 907.  An imminent conflict of interest existed for the following reasons:

> A municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy.  The employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his

official duties. If he can show that his actions were pursuant to an official policy, he can at least shift part of his liability to the municipality.  If he is successful in asserting a good faith immunity defense, the municipality may be wholly liable because it cannot assert the good faith immunity of its employees as a defense to a section 1983 action.

*Id.*

The situation creating an imminent conflict in *Dunton* is not present here.  Unlike the governmental entity in *Dunton*, the Seminole County Circuit Court is a state agency and thus cannot be liable under 42 U.S.C. § 1983 and is immune from suits for money damages pursuant to the Eleventh Amendment to the United States Constitution.  (*See* Doc. No. 23 at 6-7 (dismissing Santillana's Section 1983 claim against the Seminole County Circuit Court for these two reasons).) Because the Seminole County Circuit Court cannot be liable under 42 U.S.C. § 1983, the OAG's joint representation of Defendants and the Seminole County Circuit Court, by itself, does not threaten to compromise any party's interests for the reasons identified in *Dunton*.

The situation presenting an imminent conflict of interest in *Dunton* is also distinguishable from this case because, unlike the employee in *Dunton*, Defendants cannot shift liability to the Seminole County Circuit Court by arguing that they terminated Santillana on the basis of race pursuant to an official policy.  It is undisputed that the Florida State Courts System Policy Statement governing Santillana's employment with the Seminole County Circuit Court prohibits racial discrimination.  (Doc. No. 20 ¶ 37; Doc. No. 49-1 at 2.).  For these reasons, *Dunton* does not justify disqualifying the OAG from presently representing Defendants in this case.

Santillana also relies on *Gordon v. Norman*, 788 F.2d 1194 (6th Cir. 1986), and *Moskowitz v. Coscette*, 51 F. App'x 37 (2d Cir. 2002), but the courts in these cases found no conflict of interest on the reported facts, and the evidence of record here justifies the same conclusion.  In *Gordon*, the

Sixth Circuit noted that "the judge and the parties have joint responsibility to guard interests that are actually threatened" and that an attorney should be disqualified only where there is actual prejudice. *Gordon*, 788 F.2d at 1198-99.  The panel in *Gordon* held that the defendant police officers were not prejudiced by the city attorney's representation, as the city was not a party to the action, counsel vigorously defended the lawsuit, counsel did not take any position inconsistent with the officers' interests, and counsel informed the officers of the settlement offer.  *Id.* at 1198.  Similarly, in *Moskowitz*, the Second Circuit found no conflict of interest warranting disqualification of an attorney jointly representing a police office and a municipality because the attorney did not take a position at any time before, during, or after the trial that benefitted the municipality at the officer's expense.  *Moskowitz*, 51 F. App'x at 39.  Like the factual circumstances in *Gordon* and *Moskowitz*, there is presently no basis for disqualifying the OAG because the evidence of record does not show that the OAG, by representing the Seminole County Circuit Court in this case or otherwise, took any action adverse to Defendants' interests.

Santillana further points to *Smith v. Martin*, 819 F. Supp. 733 (N.D. Ill. 1992), a case in which the court reserved ruling on a plaintiff's motion to disqualify the city counsel's from representing the individual defendants for further briefing by the city.  *Id.* at 737.  The plaintiff in *Smith* sought compensatory damages against a city and both compensatory and punitive damages against the individual defendants who were city police officers.  *Id.* at 735-36.  The Court in *Smith* noted that if both the city and the individual defendants were found liable, the city could potentially benefit from a punitive damage award against the individual defendants, which would militate against a large compensatory damage award against the city.  *Smith*, 819 F. Supp. at 736-37.  The court in *Smith* reserved ruling for further briefing regarding whether the convenience and economics

of multiple representation were outweighed by the potential conflict. *Id.* at 737. The instant case is distinguishable from *Smith* because the Seminole County Circuit Court, unlike the city in *Smith*, is no longer a party to this case and because Santillana has not produced any evidence showing that the Seminole County Circuit Court could potentially benefit from a finding that Defendants are liable in this case.

In summary, the evidence of record does not show that the OAG's ability to exercise independent judgment in the representation of Defendants has been potentially or actually diminished by a duty owed to the Seminole County Circuit Court. Therefore, Santillana's Motion to Disqualify the OAG should be denied.

### Conclusion

In accordance with the foregoing, it is **ORDERED** that the Motion to Recognize Conflict of Interest for Disqualification and to Require Separate Counsel by Plaintiff Shirley F. Santillana (Doc. No. 45) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 3, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record